UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLARO GARCIA SOMERA, JR.,<br><br>Defendant. | No.  2:12-cr-00114-TLN<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant Claro Garcia Somera, Jr.'s ("Defendant") Motion for Early Termination of Supervised Release.  (ECF No. 121.)  The Government filed a non-opposition.  (ECF No. 126.)  For following reasons, the Court GRANTS Defendant's motion.

On January 14, 2014, Defendant pleaded guilty to a one count superseding information charging conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1).  (ECF No. 88.)  Defendant was sentenced to 87 months of imprisonment and 60 months of supervised release.  (ECF No. 100 at 2–3.)  On March 7, 2022, after over two years of being on supervised release, Defendant filed the instant *pro se* motion for early termination of supervised release.  (ECF No. 121.)

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).  "The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. §

3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (quoting 18 U.S.C. § 3583(e)(1)).  Defendant has the burden to demonstrate that early termination of supervised release is justified.  *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

        Defendant requests early termination of supervised release based on, among other things, his exemplary conduct on supervised release.  (ECF No. 121.)  The Government filed a non-opposition confirming that Defendant's probation officer supports early termination of Defendant's term of supervised release.  (ECF No. 126.)  The Government indicates that Defendant's progress on supervised release has exceeded expectations, especially regarding his family life and career, rather than merely meeting the requirements of his release conditions.  (*Id.* at 2.)  The Government also contends Defendant has a low risk of recidivism, no longer poses a risk to society, and has little to gain from continued supervision.  (*Id.*)

        For the foregoing reasons, the Court finds Defendant has met his burden to show that early termination of supervised release is warranted pursuant to 18 U.S.C. § 3583(e).  *Emmett*, 749 F.3d at 819.  Accordingly, Defendant's Motion for Early Termination of Supervised Release is hereby GRANTED.  (ECF No. 121.)

        IT IS SO ORDERED.

**DATED:**  March 31, 2022

                                                      Troy L. Nunley
                                                      United States District Judge